FILED

2009 Sep-25  PM 04:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JIMMIE L. JOHNSON, JR.** | ) |
| | ) |
| **v.** | ) **CIVIL NO.:**   **2:07-cv-8018-RDP-PWG** |
| | ) **CRIMINAL NO.:**   **2:05-cr-0297-RDP-PWG** |
| **UNITED STATES OF AMERICA** | ) |

## MEMORANDUM OF OPINION

Movant Jimmie L. Johnson, Jr., ("Johnson" or "Movant") has filed a *pro se* motion to vacate pursuant to 28 U.S.C. § 2255 challenging his conviction and 135 month sentence for conspiring to possess with the intent to distribute five kilograms or more of cocaine hydrochloride and fifty grams or more of methamphetamine (Count One), conspiracy to commit money laundering from drug proceeds (Count Ten), and two forfeiture counts (Counts Fifteen, Sixteen) following a guilty plea in case no. 2:05-cr-00297-RDP-PWG.  (Doc. #1).

The court has Movant's supporting brief and exhibits (Doc. # 2), the response of the Government to an order to show cause with exhibits (Doc. #10), Movant's reply (Doc. #11), Movant's motion to dismiss (Doc. #14), the Presentence Investigation Report (PSI), the underlying criminal file, and the arguments of the parties at the September 10, 2009 status conference.

In his initial motion, Johnson raised the following claims:

1.     His Sixth Amendment right to effective assistance of counsel was violated when his lawyer:

    a.    failed to adequately investigate, prepare, and keep Movant informed of the developments in the case;

    b.    failed to order a psychological examination of Movant to offer at sentencing;

    c.    grossly mischaracterized the probable sentencing outcome;

    d.    failed to articulate Johnson's eligibility for the safety valve; and

    e.    failed to challenge the attributable drug quantity.

2.    The court failed to properly consider and apply the provisions of 18 U.S.C. § 3553(a) as required by *United States v. Booker*, 543 U.S. 220 (2005).

However, on September 11, 2009, Johnson filed a motion to dismiss all of the claims other than his claim of ineffective assistance of counsel regarding his eligibility for safety valve relief. (Doc. #458). That motion will be granted. Therefore, Johnson's ineffective assistance claim related to Sentencing Guideline § 5C1.2 is the only claim before the court[1].

The basis of Johnson's ineffective assistance/safety valve claim is twofold: first, he asserts that his counsel failed to argue or assert that he was eligible for the safety valve; and second, he contends that counsel failed to fully explain the requirements of the safety valve provision to him to ensure that he could take steps necessary to qualify for it. Both arguments are rooted in his claim of ineffective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a national standard for judging the effectiveness of criminal defense counsel: "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." 466 U.S. 668 (1984). The Court elaborated:

> [F]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendants of a fair trial, a trial whose result is reliable.

466 U.S. at 687.

---

[1] It may be worth noting, in any event, that the court's review of the other claims reveal them to be plainly without merit.

2

Ineffectiveness of counsel occurs when (1) the attorney's performance falls below an objective standard of reasonableness, and (2) the movant shows that the deficient performance prejudiced the defense by demonstrating that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the preceding would have been different. *Strickland*, 466 U.S. at 687. Thus, to prevail on a claim of ineffective assistance, a movant must demonstrate that his attorney's efforts fell below constitutional standards, and that he suffered prejudice as a result.[2]

Johnson asserts that counsel was ineffective for failing to articulate his eligibility for the safety valve in response (or in objections) to the PSI and in failing to argue for safety valve treatment during the sentencing hearing. Johnson contends that he met, or could have met, all of the requirements under § 5C1.2, and argues there is a reasonable probability that his sentence would have been lower had counsel pursued safety valve relief.

In its response, the Government provided the court with affidavits from defense counsel, Dempsey and Rasmussen. Dempsey stated that he had considered requesting safety valve relief, but concluded that it was unavailable because the grouping requirements pursuant to U.S.S.G. § 3D1.2(c) instructed the court to compute the base offense level by using the money laundering count, which was covered by U.S.S.G. § 2S1.1. (Doc. # 10, Ex. 5 at 6). According to Rasmussen, "even if it applied, which it may not have because he was charged with violations not covered by the safety valve statute, ... it would add nothing more to our effort under section 5K of the guidelines...[as] [w]e felt that the same factors covered

---

[2] Both prongs of the *Strickland* test – deficient performance *and* prejudice – must be satisfied in order for a movant to prevail on a claim of ineffective assistance of counsel. It is not necessary, however, for the court to address both prongs if one is clearly not satisfied. *Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.")

in the safety valve statute would factor into the 5K motion, and that any reduction under the safety valve would be backed out of the 5K motion." (Doc.# 10, Ex. 4 at 5-6).

Contrary to counsels' belief at that time, relief under the safety valve was available despite the fact that Johnson was convicted of both a drug and a money laundering conspiracy. Furthermore, a finding by the court that Johnson qualified for the safety valve relief would not have precluded a further reduction under § 5K1.1.

Using the November 1, 2005, edition of the Guidelines Manual, the PSI grouped Counts One and Ten pursuant to U.S.S.G § 3D1.2(c). Under § 3D1.3(a), the most serious of the counts comprising the group was to be used for computations. Because the most serious count was the money laundering count, U.S.S.G. § 2S1.1 applied. Although the application of U.S.S.G. § 2S1.1 might in *some* cases foreclose the application of the safety valve, in this case it does not because § 2S1.1(a)(1) references § 2D1.1 to obtain the base offense level.[3] Based on a drug amount of between 50 and 150 kilograms, the base offense level was level 36. U.S.S.G. § 2D1.1(c)(2). Because § 2D1.1 was referenced to determine the base offense level, the general application principle in U.S.S.G. § 1B1.5(b)(1) (2005) provides that the specific offense characteristics of § 2D1.1(b)–including the two-level safety valve reduction pursuant to § 2D1.1(b)(7)–should also be applied. *United States v. Hodge*, 558 F.3d 630 (7th Cir. 2009)(§ 2S1.1(a)(1) sends district courts to the complete substantive guideline, not just its base offense level, and the result is then plugged back into the base for money laundering); *United States v. Anderson*, 526 F.3d 319, 327-28 (6th Cir. 2008); *United States v. Cruzado-Laureano*, 440 F.3d 44, 48 & n. 9 (1st Cir. 2006).

---

[3] Section 2S1.1(a)(1) states that the base offense level for money laundering is "[t]he offense level for the underlying offense from which the laundered funds were derived."

4

The plain language of § 2D1.1(b)(7) requires only that a defendant meet the criteria found in § 5C1.2(1)-(5); it does not limit the defendant's eligibility for the two-level downward reduction based upon the offense of conviction or otherwise state that the defendant must satisfy any of the other requirements found in § 5C1.2. *United States v. Mertilus*, 111 F.3d 870, 874 (11th Cir. 1997)(§ 2D1.1(b)(4) does not limit consideration of the two-level reduction to the enumerated offenses in section 5C1.2); *United States v. Mashek*, 406 F.3d 1012, 1016 (8th Cir. 2005); *United States v. Warnick*, 287 F.3d 299, 304 (4th Cir. 2002); *United States v. Leonard*, 157 F.3d 343, 345-46 (5th Cir. 1998); *United States v. Saffo*, 227 F.3d 1260, 1273 (10th Cir. 2000).  Thus, safety valve relief was not precluded by the nature of the offense of conviction.

Although the burden is squarely on the defendant to show that he has satisfied all of the safety-valve factors, including that the information he has provided the Government is truthful, *United States v. Cruz,* 106 F.3d 1553, 1557 (11th Cir. 1997); *United States v. Espinosa*, 172 F.3d 795, 797 (11th Cir. 1999), when the criteria of § 5C1.2 are met, safety valve relief is mandatory,[4] *United States v. Quirante, 486* F.3d 1273, 1275 (11th Cir. 2007).  Accordingly, as noted, a finding by the court that Movant qualified for the safety valve relief would not have precluded a further reduction under § 5K1.1. Although many of the same factors are considered for both safety valve relief and substantial assistance under § 5K1.1, the two requests are not mutually exclusive–the criteria by which a defendant becomes eligible for a substantial assistance motion are not identical to the safety valve criteria. To satisfy the safety valve's fifth requirement, the defendant must "truthfully disclose to the government all information and evidence that he has about the offense and all relevant conduct." *United States v. Johnson*, 375 F.3d

---

[4] Of course, since *United States v. Booker*, 543 U.S. 220 (2005) made the guidelines advisory, a court compelled to disregard a mandatory minimum sentence or award an offense level reduction when calculating the guidelines range at the initial stage may vary upward to and even past the mandatory minimum point after considering the § 3553(a) factors as long as the final sentence is reasonable.

1300, 1302 (11th Cir. 2004).  A defendant who is ineligible for the safety valve reduction because of the additional guidelines requirements may still be eligible for a substantial assistance reduction; and conversely, a defendant who provides information to the Government that does not reach the level of substantial assistance may nonetheless be eligible for application of the safety valve.  *See, e.g.*, *United States v. Suarez O'Neill*, 178 Fed.Appx. 985, 987 (11th Cir. 2006); *United States v. Marsh*, 548 F.Supp.2d 1295, 2008 WL 821917 (N.D.Fla. 2008).

In this case, the first four factors are clearly satisfied.  The only factor at issue would have been the fifth requirement:  that "not later than the time of the sentencing hearing, the defendant ... truthfully provided the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan...."

The court fully understands that, if counsel had requested safety valve relief at Johnson's sentencing hearing, the Government would have argued that Johnson had not in fact truthfully provided it with all of the information and evidence he had concerning the offense.  In fact, it appears the Government still maintains that position.  However, that argument is insufficient to deny Johnson § 2255 relief for two reasons.  First, it is the responsibility of the court, not the Government, to determine the truthfulness of the Section (5) information, *United States v. Brownlee*, 204 F.3d 1302, 1305 (11th Cir. 2000); *United States v. Espinosa*, 172 F.3d 795, 797 (11th Cir. 1999)(the district court erred by relying on the Government's determination of the information's truthfulness), and here the court has never made such a finding.  Indeed, because there was never a request from Johnson's counsel for the court to apply § 5C1.2, the court was never called upon to make that determination.  Moreover, Johnson's second argument is that his counsels' failure to explain to him the need to comply with § 5C1.2(a)(5) did not give him the opportunity to do so.  That is, Johnson claims that if he had been informed by his counsel of the

need to provide the Section (5) information to the Government in order to qualify for safety valve treatment, he would have had the opportunity to comply.[5/]   The court recognizes that counsel are strongly presumed to have rendered adequate assistance and that all significant decisions are presumed to have been made in the exercise of reasonable professional judgment.[6/]   *Strickland,* 466 U.S. at 690.  As such, there is a strong presumption that trial counsels' conduct is the result of trial strategy, and "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."  *Sinclair v. Wainwright,* 814 F.2d 1516, 1519 (11th Cir. 1987), *citing Strickland v. Washington*, 466 U.S. at 690. However, upon review of trial counsels' affidavits, it is apparent that the failure to seek safety valve relief was not a strategic decision.  As there appears to be at least legitimate potential for a lesser sentence, and there was no apparent risk in seeking § 5C1.2 relief, counsels' failure to request the application of the safety valve was objectively unreasonable. Thus, the first criteria under *Strickland,* deficient performance, has been met.

Even though the court has found deficient performance, however, Johnson must still establish that he was prejudiced as a result.  This requires a determination of whether this court would have found that Movant satisfied the five criteria of § 5C1.2, and if so, whether the resulting sentence would have been lower.  Here, there is little question Johnson was prejudiced.

---

[5/] The court understands the possible tension between this conclusion and the Government's insistence that Johnson failed to provide all the information he knew when called upon to render "substantial assistance" under § 5K1.1.  The answer to that argument is this: § 5K1.1 does not require a defendant to reveal all the information he knows about offenses in question to qualify for a departure.  Here, the court believes it is appropriate to give Johnson a chance to do that to qualify for safety valve treatment.

[6/] The court also recognizes that defense counsel in this case are both highly competent and well respected attorneys. Moreover, the court notes that the performance of defense counsel was otherwise exemplary, and it should be noted that they provided this court with one of the most exhaustive and comprehensive sentencing memorandum and accompanying video presentations the court has received to date.  Furthermore, counsel were forceful, prepared, and persuasive advocates for their client.

Had counsel "articulated Johnson's eligibility" for the safety valve, and had Johnson made a showing that he satisfied the five criteria of § 5C1.2, that would have resulted in a total offense level of 33, instead of the 35 as calculated by the PSI.[7] Although the court granted the Government's § 5K1.1 motion and that resulted in the reduction of the offense level by two to reach a level 33, if Johnson had also received the benefit of the safety valve he would have been eligible for a further reduction of two levels in the advisory guideline offense level. That in turn *may* have reduced his ultimate sentence. Thus, counsels' failure to raise the safety valve issue effectively denied Johnson the opportunity of receiving a benefit of § 5C1.2 relief.[8]

Of course, the possibility remains that Johnson *may not*, prior to a future second sentencing hearing, have truthfully provided the Government with all information and evidence he had concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan. However, as counsel did not object to the failure of the presentence report to address the safety valve, nor explain the applicability and requirements of the safety valve to Johnson, the court has determined that the interests of justice require that the judgment be vacated, and a new sentencing hearing be held in order to afford Johnson the opportunity to qualify for safety valve relief. At that new sentencing hearing, the parties will be able to express their position on whether Johnson qualifies for safety valve treatment.

---

[7] Thus, the starting point prior to the Court's consideration of the Government's reluctant and unenthusiastic 5k1.1 motion would have been 135-168 months rather than 168 to 210 months.

[8] Although it is well-settled in this Circuit that a defendant should ordinarily disclose all the information he knows prior to sentencing, *see United States v. Garcia*, 405 F.3d 1260, 1275 (11th Cir. 2005) (*per curiam*), a district court has the discretion to continue a sentencing hearing to give a defendant a chance for further debriefing when the factual circumstances so warrant. *See id.* (concluding that a continuance was warranted because the defendant did not speak English, his attorney mistakenly thought a sufficient disclosure had already been made, and there was no evidence that the defendant's failure to debrief fully was "an attempt to mislead, manipulate, stall or delay").

Based on the foregoing, this § 2255 motion is due to be granted to the extent that the judgment be vacated for the purposes of resentencing.  Johnson's motion to dismiss the remaining claims is also due to be granted, and all remaining claims dismissed.  The resentencing hearing will be set by separate order.

**DONE** and **ORDERED** this _____25th_____ day of September, 2009.

_____

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE